IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LINDA JEFFERSON                                                  PLAINTIFF

vs.                               Civil No. 6:15-cv-06123

CAROLYN W. COLVIN                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Linda Jefferson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her DIB and SSI applications on October 19, 2009.  (Tr. 11, 200-212).  Plaintiff alleges being disabled due to muscle spasms in back, knee and shoulder problems, arthritis, numbness in fingers, and blood pressure.  (Tr. 245).  Plaintiff alleges an onset date of September 11, 2011.  (Tr. 11, 200, 207).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 11). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 144). Plaintiff's hearing was held on June 2, 2014. (Tr. 58-82). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-two (52) years old and had a ninth grade education but also obtained her GED. (Tr. 63).

On October 17, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2014. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 7, 2011, her alleged onset date. (Tr. 13, Finding 2).

The ALJ determined Plaintiff has the following severe impairments: obesity, arthritis, hypertension, shoulder problems, muscle spasms in her back, congestive heart failure, and degenerative joint disease in her hands and knees. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

After careful consideration of the entire record, the undersigned finds that the

>claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff would be unable to perform any of her PRW. (Tr. 25, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25, Finding 10). In making this determination, the ALJ applied the Medical-Vocational Guidelines or "The Grids." *Id.* Specifically, the ALJ applied Rule 202.17 and 202.10 of the Grids. *Id.* These rules directed a result of "not disabled." *Id.* Accordingly, the ALJ found Plaintiff had not been under a disability, as defined by the Act, at any time from her alleged onset date of September 7, 2011 through date of the ALJ's decision. (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeal Council's review of the ALJ's unfavorable decision, and, on October 5, 2015, the Appeals Council denied this request for review. (Tr. 1-4). On November 20, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 17, 2015. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2.　Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ improperly determined her RFC; (2) the ALJ erred in applying the Grids, and (3) the ALJ erred in determining Plaintiff's severe impairments. ECF No. 11 at 10-19. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12. Because the ALJ erred in mechanically applying the Grids, the Court will only address Plaintiff's second argument for reversal.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988). If a claimant suffers from a "significant" nonexertional impairment that diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the ALJ may not rely upon the Grids. *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a vocational expert or other similar evidence to determine whether the claimant is disabled. *See id.*

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs *other than the strength demands*." 20 C.F.R. § 404.1569a(a)(emphasis

5

added).  Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.  *See* 20 C.F.R. § 404.1569a(c)(1).

In the present action, the ALJ recognized Plaintiff suffered from the nonexertional impairment of degenerative joint disease in her hands and knee, back spasms, obesity, and congestive heart failure, and the ALJ also found these were severe impairments. (Tr. 13).  Despite this fact, the ALJ still applied the Grids and did not hear testimony from a vocational expert. (Tr. 25, Finding 10). In making this determination, it is unclear how the ALJ came to the conclusion that these nonexertional impairments were not "significant."  *Id.*

Based upon his opinion, it appears the ALJ may have based this decision–and his assessment of Plaintiff's RFC– upon the findings of three non-treating physicians, Drs. Mark, Crow, and Cathey. (Tr. 22-24).  Their opinions, however, do not provide substantial evidence to support the ALJ's decision or provide sufficient evidence to demonstrate this nonexertional impairment is not "significant."  *See, e.g., Charles v. Barnhart,* 375 F.3d 777, 783 (8th Cir. 2004) (holding that generally when a consulting physician examines a claimant only once, his opinion is not substantial evidence).

Accordingly, due to these nonexertional impairments, the ALJ erred by relying upon the Grids to direct a finding of disability.  *See Sanders,* 983 F.2d at 823-24.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of October 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE